UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRAD ALBRECHT, GREG ALBRECHT, JEFF ALBRECHT, and JON ALBRECHT,<br><br>Plaintiffs,<br><br>vs.<br><br>DEERE & COMPANY,<br><br>Defendant. | CIV. No. 4:20-cv-4026<br><br><br>**ANSWER OF DEFENDANT<br>DEERE & COMPANY** |

Defendant Deere & Company ("Deere") for its answer to Plaintiffs' complaint denies each and every statement and allegation therein, except as hereinafter specifically admitted, and states and alleges as follows:

**PARTIES**

1.  In response to Paragraph 1, Deere is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

2.  In response to Paragraph 2, Deere admits that it is a Delaware corporation duly authorized and licensed to do business in the State of South Dakota.; and admits that its principal place of business is in Moline, Illinois.

3.  In response to Paragraph 3, Deere admits that it designed and manufactured the John Deere 9460RX model tractor. Deere is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in said Paragraph, and therefore denies them.

4.  In response to Paragraph 4, Deere admits that it is in possession of Plaintiffs' Complaint "Exhibit 1;" states that the document speaks for itself; and Deere denies any inconsistent allegations contained in this paragraph. Further, Deere is without knowledge or

information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies them.

5.  In response to Paragraph 5, Deere is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

6.  In response to Paragraph 6, Deere admits that it designed and manufactured the John Deere 9460RX model tractor; and Deere denies the remaining allegations.

## **STRICT LIABILITY**

7.  In response to Paragraph 7, Deere restates and incorporates by reference its answers to Paragraphs 1–6 as if fully set forth here.

8.  In response to Paragraph 8, inclusive of subparts (a) through (d), Deere admits that it is in possession of Plaintiffs' Complaint "Exhibit 2;" states that the document speaks for itself; and Deere denies any inconsistent allegations contained in said paragraph. Deere denies any remaining allegations in said paragraph.

9.  In response to Paragraph 9, Deere is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

10. In response to Paragraph 10, Deere denies the subject tractor is defective; and is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies them.

11. In response to Paragraph 11, Deere denies the allegations to the extent they allege fault or liability of Deere, and is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and therefore denies them.

## NEGLIGENCE

12. In response to Paragraph 12, Deere restates and incorporates by reference its answers to Paragraphs 1–11 as if fully set forth here.

13. In response to Paragraph 13, Deere denies the allegations.

14. In response to Paragraph 14, Deere denies the allegations.

15. In response to Paragraph 15, Deere denies the allegations.

## BREACH OF IMPLIED WARRANTY

16. In response to Paragraph 16, Deere restates and incorporates by reference its answers to Paragraphs 1–15 as if fully set forth here.

17. In response to Paragraph 17, Deere admits that at the time of initial retail sale of John Deere 9620RX model tractors, it issued a limited express warranty containing various terms, limitations, and exclusions which speak for themselves; and Deere denies any remaining allegations contained in said paragraph.

18. In response to Paragraph 18, Deere denies the allegations.

19. In response to Paragraph 19, Deere denies the allegations.

20. In response to Paragraph 20, Deere is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph, and therefore denies the same.

21. In response to Paragraph 21, Deere is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph, and therefore denies the same.

22. In response to Paragraph 22, Deere denies the allegations.

23. In response to Paragraph 23, Deere denies the allegations.

## BREACH OF EXPRESS WARRANTY

24. In response to Paragraph 24, Deere restates and incorporates by reference its answers to paragraphs 1–23 as if fully set forth here.

25. In response to Paragraph 25, Deere admits that at the time of initial retail sale of John Deere 9620RX model tractors, it issued a limited express warranty containing various terms, limitations, and exclusions which speak for themselves; and Deere denies any remaining allegations contained in said paragraph.

26. In response to Paragraph 26, Deere denies the allegations.

27. In response to Paragraph 27, Deere denies the allegations.

28. In response to Paragraph 28, Deere is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph, and therefore denies the same.

29. In response to Paragraph 29, Deere denies the allegations.

30. In response to Paragraph 30, Deere denies the allegations.

31. In response to Paragraph 31, Deere denies the allegations.

## FRAUD AND DECEIT

32. In response to Paragraph 32, Deere restates and incorporates by reference its answers to paragraphs 1–31 as if fully set forth here.

33. In response to Paragraph 33, Deere denies the allegations.

34. In response to Paragraph 34, Deere denies the allegations.

35. In response to Paragraph 35, Deere denies the allegations.

36. In response to Paragraph 36, Deere denies the allegations.

37. In response to Paragraph 37, Deere denies the allegations.

38. In response to Paragraph 38, Deere denies the allegations; and denies that Plaintiffs are entitled to any relief or recovery from Deere in any manner or amount.

39. As to the "WHEREFORE" paragraph following Paragraph 38 of the Complaint, Deere denies that Plaintiffs are entitled to any relief or recovery from Deere in any manner or amount.

## AFFIRMATIVE DEFENSES

By asserting the matters set forth below, Deere does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters. For its affirmative defenses, Deere states as follows:

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' Complaint, in whole or in part, is barred by the applicable statute of limitations and/or repose.

3. Plaintiffs' alleged damages were caused or contributed to by Plaintiffs' own negligence, fault, or other wrongful acts or omissions, or assumption of the risk.

4. Plaintiffs' alleged damages in whole or in part are precluded by the Economic Loss Doctrine.

5. Plaintiffs failed to join the party that purchased the tractor.

6. Plaintiffs' alleged damages were caused by the abnormal use, misuse, failure to maintain and/or abuse of the subject tractor.

7. At the time of sale by Deere, the subject tractor was accompanied by warnings and instructions which were not complied with by Plaintiffs and/or other persons, firms, corporations, or entities over whom Deere has or had no control or right of control, and such failure was the cause of plaintiffs' alleged damages.

8. The subject tractor and its component parts were not unreasonably dangerous at the time those products left the custody and control of Deere.

9. The subject tractor conformed to the state-of-the-art at the time it was designed, manufactured, packaged, and labeled.

10. The subject tractor complied with applicable state and/or federal codes, standards, regulations, and/or specifications.

11. Plaintiffs are barred from recovery because their fault contributed to the alleged damages, and their contributory fault was more than slight in comparison to the negligence, if any, of Deere.

12. The subject tractor was not defective, was not unreasonably dangerous, and was merchantable and fit for its ordinary purpose when it left the possession of Deere.

13. Plaintiffs' damages, if any, were caused by the negligence or fault of other persons, firms, corporations, or entities over whom Deere has or had no control or right of control, and for whom it is not responsible.

14. The alleged defect or non-conformity is the result of unauthorized modifications or alterations of the subject tractor by Plaintiffs or by a party over whom Deere does not have control.

15. Plaintiffs failed to mitigate their damages, if any.

16. Deere is entitled to proportionate set-off and/or reduction in its liability, if any, in proportion to the fault attributable to other parties and/or non-parties that proximately caused or contributed to Plaintiffs' damages, if any.

17.     Plaintiffs' claims for damages are limited by the terms, limitations, and conditions set forth in the express limited warranties for the subject tractor and its components, and by the limitations contained in the Uniform Commercial Code, S.D.C.L. §§ 57A-2-714, et seq.

18.     Plaintiffs did not rely, or reasonably rely, upon any representation, warning, instruction, or other act or omission of Deere.

19.     Plaintiffs' claims of fraud are not pleaded with requisite particularity.

20.     Deere alleges that Plaintiffs' claims, in whole or in part, are barred by the doctrine of spoliation of evidence by persons other than Deere and over whom Deere has and had no control and for whom Deere is not responsible.

21.     Deere asserts the sophisticated user defense.

22.     Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which the claims alleged by Plaintiffs may be barred by one or more of said affirmative defenses, not specifically set out above, cannot be determined until there has been further discovery. Deere therefore incorporates all such affirmative defenses set forth in Rule 8(c).

23.     Deere reserves the right to assert such other defenses, including additional affirmative defenses, as may become apparent through the course of discovery.

## JURY DEMAND

Deere hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Defendant Deere & Company respectfully requests judgment that Plaintiffs' claims be dismissed with prejudice and an award to Deere & Company for its costs, expert fees, and reasonable attorneys' fees as may be allowed by law, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

DATED: February 18, 2020.

                                              LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

                                              */s/ R. Alan Peterson*
                                              R. Alan Peterson
                                              Tracye L. Sherrill
                                              Attorneys for Defendant
                                              110 N. Minnesota Ave., Suite 400
                                              Sioux Falls, SD 57104-6475
                                              605-332-5999
                                              tsherrill@lynnjackson.com